Filed 1/31/23 P. v. Lampkin CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C089258 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRF990000320) |
| LEON LAMPKIN, JR., | ON TRANSFER |
| Defendant and Appellant. | |

A jury convicted defendant Leon Lampkin, Jr., of first degree murder, first degree burglary, attempted robbery, and possession of a short-barrel shotgun. The jury found true firearm enhancement allegations and Penal Code section 190.2[1] special

---

[1] Undesignated statutory references are to the Penal Code.

circumstances allegations, but found that defendant did not intentionally and personally discharge a firearm during the commission of the crimes. This court affirmed the convictions in 2002 but remanded the matter for resentencing on the determinate terms. (*People v. Lampkin* (March 20, 2002, C034676) [nonpub. opn.] (*Lampkin*).) Defendant was resentenced in 2002.

More than a decade later, defendant filed a petition for resentencing under section 1170.95, now section 1172.6, and requested the appointment of counsel. The trial court denied the petition. This court affirmed that order, but the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Having done so, we conclude the trial court's order must be reversed and the matter remanded for further proceedings.

BACKGROUND

The People charged Michael Owens and defendant with the first degree murders of Alejandro and Leoncio Jimenez (§ 187-- counts I and II), first degree burglary (§ 459 -- count III), attempted robbery (§§ 664, 211 -- counts IV and V), and possession of a short-barrel shotgun (§ 12020, subd. (a) -- count VI). The amended information included multiple special circumstances and firearm enhancement allegations (§§ 190.2, subd. (a)(3), (17)(A) & (17)(G), 12022.53, subds. (b) & (c), 12022.5, subd. (a)(1)).

The trial court instructed the jury on felony murder using CALJIC Nos. 8.10 and 8.21. Those instructions and the CALJIC No. 8.26 instruction did not require the jury to find that defendant was the actual killer or acted with intent to kill. With regard to the section 190.2 special circumstances allegations, the trial court instructed pursuant to CALJIC No. 8.80.1 that if the jury found defendant guilty of murder in the first degree, the jury must then determine, in light of the special circumstance allegations, (1) whether the murders were committed while defendant was engaged in or an accomplice in the commission or attempted commission of robbery, (2) whether the murders were

2

committed while defendant was engaged in or an accomplice in the commission or attempted commission of burglary, and (3) whether defendant was convicted of more than one offense of murder in the first or second degree. The trial court instructed: "If you find that a defendant was not the actual killer of a human being or a co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with intent to kill or with reckless indifference to human life and as a major participant assisted in the commission of the crime of attempted robbery or first degree burglary which resulted in the death of a human being. [¶] A defendant acts with reckless indifference to human life when that defendant knows or is aware that his acts involve a grave risk of death to an innocent human being." The trial court did not instruct on the natural and probable consequences doctrine of aiding and abetting.

The jury convicted defendant on all counts. It found true the firearm enhancement and special circumstances allegations except for the allegation that defendant intentionally and personally discharged a firearm during the commission of the crimes. The trial court sentenced defendant to state prison for two consecutive terms of life without the possibility of parole, plus a determinate term of 37 years.

On appeal, this court remanded the matter with directions to resentence defendant on the determinate terms but affirmed in all other respects. (*Lampkin, supra*, C034676.) The trial court resentenced defendant to two consecutive terms of life without the possibility of parole, plus two consecutive 10-year terms for the section 12022.53, subdivision (b) firearm enhancements.

Defendant subsequently filed a petition for resentencing pursuant to section 1172.6. He averred that (1) a complaint or information was filed against him that allowed the prosecution to proceed under the felony-murder rule or the natural and probable consequences doctrine; (2) at trial, he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences

3

doctrine; (3) he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 effective January l, 2019; and (4) he was not the actual killer; did not, with intent to kill, aid or abet the actual killer in the commission of murder in the first degree; and was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime. Defendant asked the trial court to appoint counsel for him.

The trial court summarily denied the petition because the jury had been instructed that to find the special circumstances allegations true it must be satisfied beyond a reasonable doubt that defendant with intent to kill or reckless indifference to human life and as a major participant assisted in the commission of the crime of attempted robbery or first degree burglary which resulted in the death of a human being, and the jury found the special circumstances allegation true. The trial court did not appoint counsel for defendant.

## DISCUSSION

### I

Defendant contends the trial court erred by summarily denying his petition without appointing counsel for him and allowing briefing.

Among other things, Senate Bill No. 1437 (2017-2018 Reg. Sess.) added section 1172.6 to provide a mechanism for petitioning the trial court for resentencing. (*Strong, supra*, 13 Cal.5th at p. 708.) An offender seeking relief under the statute must file a petition in the sentencing court averring that all requirements for eligibility are met, and stating whether the petitioner requests the appointment of counsel. (*Id.* at p. 708; *Lewis, supra*, 11 Cal.5th at pp. 959-960.)

The Supreme Court in *Lewis* held that a trial court must appoint counsel to represent the petitioner when the petitioner files a facially sufficient petition requesting counsel. (*Lewis, supra*, 11 Cal.5th at pp. 963, 966; see § 1172.6, subd. (b)(3).) Defendant's petition contains all of the information required in section 1172.6,

4

subdivision (b)(1) and is, therefore, facially sufficient. Defendant requested the appointment of counsel and the trial court should have appointed counsel for defendant before making its prima facie determination. (*Lewis,* at pp. 963, 966.)

## II

Defendant also asserts it was error for the trial court to deny his petition based on the jury's special circumstances findings.

After defendant's conviction, the Supreme Court identified considerations relevant to determining whether a defendant was a major participant in a crime and acted with reckless indifference to human life within the meaning of section 190.2, substantially clarifying the meaning of those terms in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (*Strong, supra*, 13 Cal.5th at pp. 703-704.) Senate Bill No. 1437 incorporated that clarification. (*Strong,* at p. 710.) And in *Strong*, the Supreme Court held that a jury's section 190.2 felony-murder special-circumstances true finding, made before *Banks* and *Clark*, does not preclude a defendant from making a prima facie showing for relief under section 1172.6. (*Strong,* at pp. 710, 717-718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710; see *id.* at p. 720.)

Here, because the verdicts in defendant's case pre-dated *Banks* and *Clark*, the jury's felony-murder special-circumstances findings do not preclude him from making out a prima facie case for resentencing under section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 721.) The Attorney General agrees that *Strong* requires a reversal and remand. We also agree.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed. The matter is remanded with directions to appoint counsel for defendant and to conduct further proceedings under section 1172.6.

　　　　　　　　　　　　　/S/
　　　　　　　　　　MAURO, J.


We concur:



　　　　/S/
HULL, Acting P. J.



　　　　/S/
KRAUSE, J.